# Reimbursement for Costs of Attending Certain Banquets

Employees in the United States Attorneys offices may properly be reimbursed for the costs of attending retirement banquets for state law enforcement officials under appropriate circumstances. However, reimbursement for attendance at such functions should be limited to circumstances where the nature of the ceremonial event in question provides good reason to believe that the employee's attendance advances the authorized functions or programs of the office

September 23, 1993

MEMORANDUM OPINION FOR THE DIRECTOR
EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS

You have asked for our opinion whether employees in the United States Attorneys offices may be reimbursed for the cost of attending retirement banquets for state officials. Your inquiry focuses on the Opinion of the Comptroller General in *Richard W. Held*, B-249249, 1992 WL 387431 (C.G. Dec. 17, 1992), which concluded that the cost of an FBI official's attending such a banquet is properly reimbursable. We believe that the Comptroller General's holding was correct and would be applicable to an employee of a United States Attorney's Office attending the same kind of event under like circumstances. However, we caution that application of the *Held* ruling should be carefully limited to closely similar factual circumstances, where the nature of the ceremonial event in question provides good reason to believe that the official or employee's attendance advances the office's authorized functions.

## I. THE *HELD* OPINION

In the *Held* ruling, the Comptroller General concluded that a FBI Special Agent in Charge could properly be reimbursed for the cost ($35) of attending a retirement banquet for the Police Chief of Fremont, California. The opinion noted that the FBI had "a long-standing tradition to recognize state and local police officials' contributions to the FBI's public service mission" and that the Special Agent, who was invited to the function in his capacity as head of the FBI's San Francisco Office, "would be expected to participate in such ceremonies." *Id.* 1992 WL 387431, at *1. At the banquet, the Special Agent presented the retiring Police Chief with a plaque provided by the FBI and a personal letter from the FBI Director.

The Comptroller General ruled that reimbursement for the cost of attendance was proper even though the banquet took place within the limits of the Special Agent's official station area and Federal Travel Regulations generally do not authorize reimbursement for employee meal or lodging expenses incurred within

those area limits. 41 C.F.R. §§ 301-7.5(a), 301-8.1(d) (1992). In support of this ruling, the Comptroller General relied upon a number of his prior opinions which have upheld reimbursement for meals within the station area where such meals are necessitated by attendance at certain "meetings" for which expenses are reimbursable under 5 U.S.C. § 4110. *E.g., Internal Revenue Service - Meal Costs*, 68 Comp. Gen. 348 (1989); *Gerald Goldberg*, B-198471, 1980 WL 16668 (C.G. May 1, 1980). Applying § 4110's standards to the FBI Special Agent's attendance at the banquet in question, the Comptroller General concluded:

> [I]t is clear that his attendance was in furtherance of the functions or activities for which the agency's appropriations are made, and we have no objection to reimbursing Mr. Held the $35 cost of the banquet.

*Held*, 1992 WL 387431, at *2.

## II. ANALYSIS

### A. *Applicability of 5 U.S.C. § 4110*

5 U.S.C. § 4110 provides:

> Appropriations available to an agency for travel expenses are available for expenses of attendance at meetings which are concerned with the functions or activities for which the appropriation is made or which will contribute to improved conduct, supervision, or management of the functions or activities.

The applicability of this section to attendance at banquets honoring state and local law enforcement officials first depends upon whether such banquets can properly be considered as "meetings." The term "meeting" is a very broad one. For example, *Webster's Third New International Dictionary* (1986) defines it to include "a gathering for business, social, or other purposes." *Id.* at 1404. Interpreted in this ordinary sense, the term "meeting" appears broad enough to encompass retirement banquets and similar ceremonial functions.

An argument for a narrower interpretation might be based upon the fact that § 4110 was enacted as part of the Government Employees Training Act, Pub. L. No. 85-507, § 19(b), 72 Stat. 327. 336 (1958), and is located in chapter 41, entitled "Training," of title 5, United States Code. Since the sections surrounding it are primarily concerned with "training" activities for government employees, it might be argued that the term "meeting" as used in § 4110 refers only to meetings at

which some kind of "training" occurs. However, two fundamental considerations militate against that narrowing interpretation.[1]

First, the text of the section limits the broad term "meetings" only to the extent that they must be concerned with, or supportive of, agency functions or activities for which the agency's appropriations are made; language requiring that covered meetings must specifically be concerned with "training" could easily and naturally have been included (as in the sections surrounding § 4110), but was not. Second, the legislative history does not provide any clear evidence that, contrary to the plain wording of the section, the term "meeting" was intended to be limited to meetings concerned with training.[2]

In addition to qualifying as "meetings," banquets of the kind described in *Held* must also satisfy the functional-relationship criteria of § 4110. It is reasonable to conclude that banquets honoring law enforcement personnel will generally be "concerned with the functions or activities" covered by FBI or U.S. Attorney appropriations, since they are likely to include speeches and discussions concerning law enforcement. We also believe that attendance by federal law enforcement agency personnel at such banquets would generally "contribute to improved conduct, supervision, or management" of functions encompassed by their agency's appropriations. Attendance by suitable federal representatives at such events is likely to promote the exchange of information and ideas about the interaction of federal and state law enforcement offices and thus to help cultivate and maintain good working relationships between federal officials, on the one hand, and state and local law enforcement agencies and their personnel on the other. Such good relationships advance the broad law enforcement functions of the FBI and the U.S. Attorneys' offices.[3]

---

[1] This Office has previously opined that 5 U S C. § 4110 is not limited to meetings attended or conducted for training purposes. Memorandum for Edwin M. Zimmerman, Assistant Attorney General, Antitrust Division, from Frank M Wozencraft, Assistant Attorney General, Office of Legal Counsel, *Re: Authority of Federal Agencies to Become Members of Private Organizations* (Nov. 14, 1968)

[2] H R. Rep. No 85-1951, at 26 (1958), *reprinted in* 1958 U S C C A N. 2909, 2931-32 The section-by-section analysis in the House Report describes the section of the Government Employees Training Act (§ 19(b)) that was codified as 5 U.S C § 4110 as follows:

Section 19(b) provides that, on and after the date of enactment of the bill, any appropriation available to any department (as defined in and to the extent covered by the bill) for travel expenses also shall be available for expenses of attendance at meetings, if these meetings are concerned with the functions or activities for which the appropriation is made or will contribute to improved conduct, supervision, or management of those functions or activities

*Id*

[3] The Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1993, Pub. L No. 102-395, 106 Stat 1828 (1992), broadly provides appropriations for, inter alia, "expenses necessary for the legal activities of the Department of Justice," *id*. at 1831, and for "necessary expenses of the Office of the United States Attorneys," *id* at 1832.

## B. *Legitimacy of the Expense*

Having determined that ceremonial banquets of the kind described may constitute "meetings" covered under 5 U.S.C. § 4110, we must decide whether the cost of attending the banquet (which we assume will normally be in the form of a single charge for the entire event, with no lesser or separate charge for the "meal") is properly reimbursable.

The Comptroller General's opinion states that the test for determining whether an employee may be reimbursed for the cost of such a banquet is "whether the meal was an incidental part of the event or the event was incidental to the meal." *Held*, 1992 WL 387431, at *2. Under this test. the availability of reimbursement depends upon whether the meal is found to be merely "incidental" to what might be called the main event. While that test may be appropriate when applied to "working lunches" or meals taken during the course of a conference or training event, we consider it inapposite when applied to ceremonial banquets. A banquet *is* a meal, albeit a ceremonial and elaborate one, and it is therefore not readily understandable how it can be concluded that "the meal is clearly incidental to the [banquet]." *Id.*

In the case of an official ceremonial banquet, we believe that the question whether the meal is "incidental to the event" is subsumed by the broader question whether the particular banquet qualifies as a "meeting" that is legitimately related to the agency's functions under 5 U.S.C. § 4110. In the case of a banquet for which a single cost of attendance is paid, the event is inseparable from the meal. We therefore believe that determinations whether such events are eligible for reimbursement should focus upon the legitimacy of their relationship to the functions of the attendee's agency rather than abstract consideration of whether a meal may be "incidental" to a banquet.

In the *Held* ruling, there was strong reason to believe that the Special Agent's attendance at the banquet would help to foster or maintain good working relationships with the local law enforcement community. *Id.* Therefore, the costs of attendance were properly reimbursable. We believe that an employee of a United States Attorney's office could properly be reimbursed for attending a similar banquet under like circumstances, since we see no fundamental difference between the FBI's need to maintain good working relationships and exchange information about official duties with state and local law enforcement agencies and the comparable need of United States Attorneys' offices.

## C. *Limitations*

While we agree that the cost of attending the banquet described in the *Held* ruling was properly reimbursable, we would caution that the ruling does not necessarily apply to a law enforcement agency employee's attendance at all arguably

73

comparable functions. In that regard, we would suggest that the following factors reflected in the Comptroller General's opinion are pertinent in determining whether the expenses of attendance at a given banquet or ceremonial meal are properly reimbursable under 5 U.S.C. § 4110:

1) the function was held to honor or commemorate the personnel, achievements, or operations of a law enforcement agency with which the attending employee's agency has significant working relationships;

2) the function was officially sponsored, formally scheduled, and ceremonial in nature;

3) the agency official or employee was invited to the function or attends the function in a representative capacity;

4) the attendance of a representative of the employee's agency was to some degree expected by the agency sponsoring the function; and

5) the attending employee was a suitable representative of the agency.

Application of such criteria should help to identify the circumstances where attendance at a banquet or similar function is legitimately related to the agency's authorized functions. In particular, where the agency-function criterion is based on cultivating good relationships with state or local agencies — as opposed to the training or information-gathering purposes normally served by meetings covered by 5 U.S.C. § 4110 — it is reasonable to require that the event be of significant official stature. Otherwise there would be no manageable standard for distinguishing informal social functions from those ceremonial events where representation of the agency is truly important from the standpoint of inter-agency working relationships.

Finally, we would note that an agency is not required to authorize an employee's reimbursable attendance at functions of this kind merely because the expenses may be properly reimbursable. *See* U.S. General Accounting Office, I *Principles of Federal Appropriations Laws* 4-31 (2d ed. 1991). Thus, an agency may adopt a general policy against authorizing reimbursable attendance at such functions even if attendance at particular functions of that kind may be reimbursable under the governing statute.

WALTER DELLINGER
*Acting Assistant Attorney General*
*Office of Legal Counsel*

74